# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-40448
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2026

Lyle W. Cayce
Clerk

United States of America,

                                                          *Plaintiff—Appellee*,

                              *versus*

Jesus Guadalupe Ortega,

                                                          *Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-662-1

_____

Before King, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

The attorney appointed to represent Jesus Guadalupe Ortega has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Ortega has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

However, our review of the record reveals a clerical error that requires remand. The initial revocation judgment incorrectly listed the violations to which Ortega pleaded true. Ortega timely appealed from that judgment. After the notice of appeal was filed, the district court entered an amended judgment that correctly listed the violations. Ortega's timely filing of a notice of appeal "was an event of jurisdictional significance" that divested the district court of jurisdiction to enter the amended judgment. *United States v. Willis*, 76 F.4th 467, 471-73 (5th Cir. 2023) (internal quotation marks and citation omitted (quotation at 471)). The record reflects that entry of the amended judgment was outside the 14-day period for correction under Federal Rule of Criminal Procedure 35(a). The amended revocation judgment therefore appears to be void. S*ee Willis*, 76 F.4th at 473. Thus, the initial revocation judgment containing the clerical error appears to be the operative judgment.

Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. We REMAND to the district court for correction of the noted clerical error pursuant to Federal Rule of Criminal Procedure 36.